**IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA**

| | | |
|---|---|---|
| MARC WATERMAN, | : | |
| | : | Case No. _____ |
| Plaintiff, | : | |
| | : | JURY TRIAL DEMANDED |
| v. | : | |
| | : | **COMPLAINT FOR VIOLATION OF THE** |
| RED LION HOTELS CORPORATION, R. | : | **SECURITIES EXCHANGE ACT OF 1934** |
| CARTER PATE, FREDERIC F. BRACE, | : | |
| LINDA C. COUGHLIN, TED DARNALL, | : | |
| JANET L. HENDRICKSON, JOSEPH B. | : | |
| MEGIBOW, and KENNETH R. | : | |
| TRAMMELL, | : | |
| | : | |
| Defendants. | : | |

Plaintiff, by his undersigned attorneys, for this complaint against defendants, alleges the following upon personal knowledge with respect to himself, and upon information and belief based upon the investigation of counsel as to all other allegations:

**NATURE OF ACTION**

1.　　On December 30, 2020, Red Lion Hotels Corporation ("Red Lion" or the "Company") entered into an agreement (the "Merger Agreement") to be acquired by Sonesta International Hotels Corporation ("Parent") and Roar Merger Sub Inc. ("Merger Sub") (together, "Sonesta") (the "Proposed Merger").

2.　　Under the terms of the Merger Agreement, Red Lion's stockholders will receive $3.50 per share.

3.　　On February 9, 2021, defendants filed a proxy statement (the "Proxy") with the U.S. Securities and Exchange Commission (the "SEC").

4.　　As alleged herein, the Proxy fails to disclose material information regarding the Proposed Merger, and defendants violated Sections 14(a) and 20(a) of the Securities Exchange

Act of 1934 (the "Exchange Act").

## JURISDICTION AND VENUE

5.      This Court has jurisdiction over the claims asserted herein pursuant to Section 27 of the Exchange Act because the claims asserted herein arise under Sections 14(a) and 20(a) of the Exchange Act and Rule 14a-9.

6.      This Court has jurisdiction over defendants because each defendant is either a corporation that conducts business in and maintains operations within this District, or is an individual with sufficient minimum contacts with this District so as to make the exercise of jurisdiction by this Court permissible under traditional notions of fair play and substantial justice.

7.      Venue is proper under 28 U.S.C. § 1391(b) because a portion of the transactions and wrongs complained of herein occurred in this District.

## THE PARTIES

8.      Plaintiff is and has been continuously throughout all relevant times the owner of Red Lion common stock.

9.      Defendant Red Lion is a Washington corporation.  Red Lion's common stock is traded on the NYSE under the ticker symbol "RLH."

10.     Defendant R. Carter Pate is Chairman of the Board of Directors of Red Lion (the "Board").

11.     Defendant Frederic F. Brace is a member of the Board.

12.     Defendant Linda C. Coughlin is a member of the Board.

13.     Defendant Ted Darnall is a member of the Board.

14.     Defendant Janet L. Hendrickson is a member of the Board.

15.     Defendant Joseph B. Megibow is a member of the Board.

16.     Defendant Kenneth R. Trammell is a member of the Board.

17.     Defendants identified in ¶¶ 10-16 are referred to herein as the "Individual Defendants."

## SUBSTANTIVE ALLEGATIONS

18.     The Company is a hotel company that focuses on the franchising of eight brands: Hotel RL, Red Lion Hotels, Red Lion Inn & Suites, Signature Inn, GuestHouse Extended Stay, Americas Best Value Inn, Canadas Best Value Inn, and Knights Inn.

19.     On December 30, 2020, Red Lion entered into the Merger Agreement, under which Red Lion's stockholders will receive $3.50 per share.

20.     The press release announcing the Proposed Merger provides as follows:

RLH Corporation (NYSE: RLH) ("RLH" or "Red Lion"), the 10th-largest US-based hotel franchise company serving a large segment of American consumers, today announced that it has entered into a definitive merger agreement ("Merger Agreement" or "agreement") with Sonesta International Hotels Corporation ("Sonesta") under which RLH will be acquired by Sonesta in an all-cash transaction valued at approximately $90 million. The agreement has been unanimously approved by the RLH Board of Directors.

Under the terms of the Merger Agreement, holders of RLH's common stock will receive $3.50 per share in cash. This represents an 88% premium over the November 4, 2020, closing share price, the last trading date before Red Lion most recently provided an update on its strategic alternatives, and a 30% premium over today's closing price prior to the transaction being announced. []

The transaction, which is currently expected to close in the first half of 2021, is subject to customary closing conditions, including the approval of RLH's shareholders, who will vote on the transaction at a special meeting on a date to be announced. The transaction is not contingent on receipt of financing by Sonesta. Upon completion of the transaction, RLH will become a privately-held company, and its common stock will no longer be listed on the NYSE.

Advisors

Jefferies LLC is serving as lead financial advisor and CS Capital Advisors, LLC is serving as financial advisor to Red Lion. Gibson, Dunn & Crutcher LLP and Fox Rothschild LLP are serving as legal counsel to Red Lion.

21.     On February 9, 20201, defendants filed the Proxy, which fails to disclose material information regarding the Proposed Merger.

<u>Financial Analyses</u>

22.     The Proxy fails to disclose material information regarding the analyses performed by Jefferies LLC ("Jefferies"), Red Lion's financial advisor.  When a banker's endorsement of the fairness of a transaction is touted to shareholders, the valuation methods used to arrive at that opinion and the key inputs and range of ultimate values generated by those analyses must also be fairly disclosed.

23.     The Proxy fails to disclose the individual multiples and metrics for the companies observed in Jefferies' Selected Public Companies Analysis.

24.     The Proxy fails to disclose the following regarding Jefferies' Discounted Cash Flow Analysis: (i) the line items used to calculate unlevered free cash flow; (ii) the terminal values; (iii) the inputs and assumptions underlying the discount rates; (iv) the net cash; and (v) the number of fully diluted shares of common stock of Red Lion.

25.     The Proxy fails to disclose the following regarding Jefferies' Premiums Paid Analysis: (i) the transactions observed; and (ii) the premiums paid in the transactions.

<u>Financial Projections</u>

26.     The Proxy fails to disclose material information regarding Red Lion's financial projections. The disclosure of projected financial information is material because it provides shareholders with a basis to project the future financial performance of a company, and allows shareholders to better understand the financial analyses performed by a company's financial advisor in support of its fairness opinion.

27.     The Proxy fails to disclose the following regarding Red Lion's financial projections: (i) the line items used to calculate EBITDA and Unlevered Free Cash Flow; (ii) projected net income; (iii) a breakdown of revenue by segment; and (iv) a reconciliation of all non-GAAP to GAAP metrics.

<u>Background of the Proposed Merger</u>

28.     The Proxy fails to disclose the terms of the confidentiality agreements entered into during the process leading up to the Proposed Merger, including whether any contained don't ask, don't waive provisions.

29.     If disclosed, the omitted information would significantly alter the total mix of information available to Red Lion's stockholders.

**COUNT I**

**Claim Against the Individual Defendants and Red Lion for Violation of Section 14(a) of the Exchange Act and Rule 14a-9**

30.     Plaintiff repeats and realleges the above-referenced allegations as if fully set forth herein.

31.     The Individual Defendants disseminated the false and misleading Proxy, which contained statements that, in violation of Section 14(a) of the Exchange Act and Rule 14a-9, in light of the circumstances under which they were made, failed to state material facts necessary to make the statements therein not materially false or misleading.

32.     Red Lion is liable as the issuer of these statements.

33.     The Proxy was prepared, reviewed, and/or disseminated by the Individual Defendants.  By virtue of their positions within the Company, the Individual Defendants were aware of this information and their duty to disclose this information in the Proxy.

34.    The Individual Defendants were at least negligent in filing the Proxy with these materially false and misleading statements.

35.    The omissions and false and misleading statements in the Proxy are material in that a reasonable stockholder will consider them important in deciding how to vote on the Proposed Merger.

36.    A reasonable investor will view a full and accurate disclosure as significantly altering the total mix of information made available in the Proxy and in other information reasonably available to stockholders.

37.    The Proxy is an essential link in causing plaintiff to approve the Proposed Merger.

38.    Accordingly, defendants violated Section 14(a) of the Exchange Act and Rule 14a-9.

39.    Plaintiff is threatened with irreparable harm.

**COUNT II**

**Claim Against the Individual Defendants for Violation of Section 20(a) of the Exchange Act**

40.    Plaintiff repeats and realleges the above-referenced allegations as if fully set forth herein.

41.    The Individual Defendants acted as controlling persons of Red Lion within the meaning of Section 20(a) of the Exchange Act as alleged herein.

42.    Due to their positions as officers and/or directors of Red Lion and participation in and/or awareness of the Company's operations and/or intimate knowledge of the false statements contained in the Proxy, they had the power to influence and control and did influence and control, directly or indirectly, the decision making of the Company, including the content and dissemination of the various statements that plaintiff contends are false and misleading.

43.     Each of the Individual Defendants was provided with or had unlimited access to copies of the Proxy alleged by plaintiff to be misleading prior to and/or shortly after these statements were issued and had the ability to prevent the issuance of the statements or cause them to be corrected.

44.     Each of the Individual Defendants had direct and supervisory involvement in the day-to-day operations of the Company, and, thus, is presumed to have had the power to control and influence the particular transactions giving rise to the violations as alleged herein, and exercised the same.

45.     The Proxy contains the unanimous recommendation of the Individual Defendants to approve the Proposed Merger.  They were thus directly involved in the making of the Proxy.

46.     Accordingly, the Individual Defendants violated Section 20(a) of the Exchange Act.

47.     The Individual Defendants had the ability to exercise control over and did control a person or persons who have each violated Section 14(a) of the Exchange Act and Rule 14a-9, by their acts and omissions as alleged herein.

48.     These defendants are liable pursuant to Section 20(a) of the Exchange Act.

49.     Plaintiff is threatened with irreparable harm.

**PRAYER FOR RELIEF**

**WHEREFORE**, plaintiff prays for judgment and relief against defendants as follows:

A.     Preliminarily and permanently enjoining defendants and all persons acting in concert with them from consummating the Proposed Merger;

B.     In the event defendants consummate the Proposed Merger, rescinding it and setting it aside or awarding rescissory damages;

C.   Directing the Individual Defendants to disseminate a Proxy that does not contain any untrue statements of material fact and that states all material facts required in it or necessary to make the statements contained therein not misleading;

D.   Declaring that defendants violated Sections 14(a) and/or 20(a) of the Exchange Act, as well as Rule 14a-9 promulgated thereunder;

E.   Awarding plaintiff the costs of this action, including reasonable allowance for attorneys' and experts' fees; and

F.   Granting such other and further relief as this Court may deem just and proper.

**JURY DEMAND**

Plaintiff hereby requests a trial by jury on all issues so triable.

Dated:  February 26, 2021                    **GRABAR LAW OFFICE**

By: _____

Joshua H. Grabar (#82525)
One Liberty Place
1650 Market Street, Suite 3600
Philadelphia, PA 19103
267-507-6085
jgrabar@grabarlaw.com

*Counsel for Plaintiff*